## STEPHEN HODGDON vs. PETER HODGDON.

In an action of debt upon a judgment, upon which payments have been made, interest is to be cast upon the judgment in the same manner as upon a note of hand, which has been in part paid.

This was an action of debt upon a judgment rendered by this court, at November term, 1815, in this county, for $280 debt, and $66 89 costs of suit. The defendant had paid to the plaintiff, at several times since the said judgment was

Hodgdon
*vs.*
Hodgdon.

rendered, several sums, amounting in the whole to $345 75, which had been accepted in part satisfaction of the judgment, and the question was, in what manner interest was to be computed upon the judgment.

*Crosby*, counsel for the defendant.

*Hodgdon*, for the plaintiff.

*Crosby*, for the defendant, contended, that the plaintiff was entitled to recover only the difference between the sums paid, and the amount of the judgment, and interest upon that difference; and he relied upon the cases in which it has been decided, that if the whole principal has been paid, no action lies for interest.

RICHARDSON, C. J., delivered the opinion of the court.

It seems to be well settled as a general rule, that where the whole amount of the principal has been paid, no action can be maintained for interest(1); and the question now to be decided, seems to have had its origin in an attempt of this defendant to apply this general rule to the case now before us. His argument is this; if when the whole principal has been paid, no action can be maintained for the interest, then when a part has been paid, no interest ought to be recovered for any detention of that part. But a very slight attention to the grounds on which the rule rests, will shew, that it can have no application whatever, to the case of a partial payment of the principal. In the case of *Dixon vs. Parker et a.* before cited, Lord *Kenyon* is reported to have said, " that the jury give the interest in the form of " damages, but there must be something to support them ; " that here the principal having been paid, for *it* there could " be no verdict ; that that being gone, every thing founded on " it must go too, therefore, no damages could be given in the " present case, the claim for which alone was the foundation " of the present action." This seems to be the only foundation for the rule, and we are inclined to think, that there is more reason to doubt its sufficiency to sustain the rule in some of the cases in which it has been actually applied, than to suppose it can justify a still wider application of the principle. For however satisfactory this reason of the rule may

(1) 1 Es. Ca. 110, Dixon vs. Parker et a.—3 John. 229, Tillotson vs. Preston.

<em>Hodgdon<br>vs.<br>Hodgdon.</em>

be, where the rule is applied to cases, in which there was no special contract to pay interest, yet where there is a contract to pay a certain sum and interest, it is not very easy to comprehend why the non-payment of interest is not as much a breach of the contract, as the non-payment of the principal; nor why an action should not be maintained for a breach of the contract as to interest, although it may have been performed as to the principal. But we must take the rule as it is. It cannot however govern this case. Here a part of the principal remains unpaid, and for that the action may clearly be maintained, and as incident to it the plaintiff is entitled to recover as damages for the detention of his debt, interest upon the judgment; to be computed in the same manner that interest is computed on a note of hand, upon which payments have been made.

It has been decided that the payment of interest upon a judgment cannot be coerced by an execution.(1) But a judgment creditor has a most unquestionable right to forbear to collect the whole amount of the judgment, in order to enable him by an action of debt upon the judgment, to recover the interest. Nor can this right be defeated by a tender of the balance due upon the judgment, and upon the interest of that balance. A judgment creditor is entitled to receive the amount of his judgment and interest upon it until paid; and a tender of any thing short of this, is no bar to an action of debt upon the judgment.

(1) 6 John.<br>283. Watson<br>vs. Fuller

<em>Judgment for the plaintiff.</em>