## Ross & *a. v.* Russell & *a.*

When partial payments are made, from time to time, exceeding the interest accruing upon a contract, interest is to be added to the principal at the time of each payment, and upon deducting the payment so made, interest must be cast upon the balance till the time of the next payment, and so on.

ASSUMPSIT, for goods sold and delivered. To prove the amount the defendants were to pay for the goods, a contract was introduced, signed by the parties, dated June 29, 1845, which stated the amount to be $1100. The statute of limitations was waived by the defendants, and it was admitted, though there was nothing said about interest in the contract, that interest should be cast on it from date, according to the legal and proper mode of casting interest. The following payments are made on the contract:

| | | |
|---|---|---|
| 1845. | September 29, | $50 00 |
| 1846. | April 16, | 100 00 |
| 1846. | August 4, | 300 00 |
| 1846. | December 23, | 80 00 |
| 1847. | September 8, | 200 00 |
| 1847. | September 18, | 180 00 |
| 1848. | December 20, | 50 00 |
| 1850. | June 15, | 50 00 |
| 1852. | September 17, | 50 00 |

The rule adopted by the auditor, in casting interest, was

to cast on $1100 to the time of the first payment, add the interest and the principal, and take out the payment, and then cast interest on the remainder, to the time of the second payment; add the interest and take out the second payment and so on, to which method the defendants excepted. The auditors found due to the plaintiffs the sum of $365,24.

At no time did the interest exceed the payment.

The defendant moved that the report be recommitted, with instructions as to the proper mode of casting the interest.

And it was ordered that the questions arising on the foregoing case be reserved and assigned to this court for determination.

*Rand*, for the defendants.

We hold that the only true way to cast interest, in a case like the present, is to cast simple interest on the principal, and simple interest on the payments. Add the payments and the interest on them together, and take the amount from the principal and interest. The difference will be the amount due.

I am not aware that the question, as to the mode of casting interest, has ever been before the superior court as in this case.

And whatever may be the mode in other States, it seems a just and equitable rule, and ought now to be established. And it seems to us most just and reasonable that interest should be cast in the manner we have stated. At common law, no interest was allowed unless expressly stipulated.

It has been held, in this State, that such interest shall be allowed as is just and reasonable; and that it is just and reasonable to allow interest on all sums which are due and payable, or from the time when there should be rests in the accounts. *Hollister* v. *Barclay*, 11 N. H. Rep. 511.

But the rule adopted by the auditor, in this case, is not just and reasonable, as it amounts to making rests every six

months, or about every six months, amounting, in fact, to semi-annual interest, or compounding it twice a year.

It cannot be fairly inferred that the defendants in this contract, ever expected to pay such interest, and it certainly is not stipulated.

In this case, it makes about $80 difference whether interest is cast as the plaintiffs contend, or as the defendants contend.

*Hibbard,* for the plaintiffs.

The only question is as to the correctness of the rule adopted by the auditor for the computation of interest. It is stated in the case to have been as follows:

" To cast interest on the $1100 to the time of the first payment, add the interest on the principal, take out the payment, and then cast interest on the remainder to the time of the second payment, add the interest and take out the second payment, and so on."

The rule, as laid down in *Dean* v. *Williams,* 17 Mass. Rep. 417, and *Fay* v. *Bradley,* 1 Pick. 194, is stated as follows: " When partial payments have been made on a note, or other claim bearing interest, the rule is to compute the interest on the principal sum from the time when the interest commenced to the first time when a payment was made, which exceeded, either alone or in conjunction with the preceding payments, if any, the interest at that time due; add the interest to the principal, and from the sum subtract the payment made at that time, together with the preceding payments, if any, and the remainder forms a new principal, on which compute and subtract the interest, as upon the first principal, and proceed in this manner, to the time of the judgment."

As the interest, in this case, at no time exceeded the payment, it will be seen that the rule followed was precisely the one prescribed in the cases cited. See also *State of Connecticut* v. *Jackson,* 1 Johns. Ch. Rep. 13–18. *Kent,* Chan., in

Ross *v.* Russell.

delivering the opinion, said : " The rule for casting interest, when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due; if the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of the principal remaining due. If the payment be less than the interest, the surplus of the interest must not be taken to augment the principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal; and interest is to be computed on the balance as aforesaid."

This method involves no compounding of interest, nor reckoning of interest upon interest. It simply carries payments, first, to the extinguishment of the interest due, and the residue, if any, to the discharge of the principal. It is at once legal and equitable. It is believed to be in accordance not only with the general usage, but with frequent and uniform rulings of the courts in this State, though we are not aware whether it has been formally settled by the superior court.

It is now recognized by the Treasury Department, in the settlement of claims against the general government, and has been sanctioned by the supreme court of the United States.

The same rule was affirmed as ordinarily the correct and equitable one in *Stoughton* v. *Lynch*, 2 Johns. Ch. Rep. 210–214, though a different mode was then adopted, on account of what appeared to have been the general usage of the parties, as well as their understanding and probable intention in that particular case.

In delivering the opinion the chancellor said : " The correct mode of crediting payments, as between debtor and creditor, is to carry them, in the first place, to the extinguishment of the interest due ; and it is susceptible of mathematical demonstration that if credits be not so applied,

but the principal of the debt is left to continue upon inter- est, and interest is computed upon the payments as they are successively made, a debt will, in the course of a few years, (and the time will be longer or shorter, according to the rate of interest,) be wholly extinguished by payments of interest, without paying a cent of principal." See 2 Hay- wood, (N. C.) 17, cited 2 U. S. Dig. 622, § 188.

In *Meredith* v. *Banks*, 1 Halst. 408, as cited in 2 U. S. Dig. 621, § 178, the rule is stated more broadly than the plaintiff claims in this case, as follows : " The mode of cal- culating interest, when there have been partial payments, is to calculate to the time of payment, then to deduct from the whole amount the sum paid, and to calculate interest on the residue to the next payment."

This rule, by incorporating the balance of interest with the principal, would, if applied without qualification, give interest upon interest, so often as the interest should exceed the payment ; a result which does not occur in the case un- der consideration.

WOODS, C. J. The mode of computing interest upon promissory notes seems to have been perfectly settled by the usages of business and by judicial decisions, in many jurisdictions, and we are not aware of any deflections from the rule countenanced by any extended usage, or by any re- spectable authorities. The rule is the same which has been adopted by the auditor in this case. The authorities cited in the plaintiffs' argument are uniform in support of it, and the unvarying practice of this court is likewise believed to have been in harmony with it.

We do not understand the argument of the defendants as drawing the rule into question, but as insisting upon a dis- tinction between the present contract and a promissory note, as well upon the ground of the nature of the contract itself, as for the reason that the frequency with which the payments were made render the application of such a rule

Ross v. Russell.

unreasonably onerous to the party, and, therefore, not within the general maxim of allowing such interest as shall be just and reasonable. In other words, they claim to have the money due on the contract, and the several payments from time to time made in discharge of it, treated like items of mutual account, in which the relation of debtor and creditor is not recognized between the parties, except upon final settlement, or upon the recurrence of such periodical rests as are allowed by courts sometimes, when the justice of the case seems to require it.

If this were the correct view of the case, the question for the court would be as to what interest ought to be allowed, and what rests established for computing it. Such a case was that of *Hollister* v. *Barclay*, 11 N. H. Rep. 511, cited by the defendants.

But such is not the present case. It was from the beginning a debt for goods sold to the defendants, and by the admissions of the party drawing interest; and the sums of money from time to time received by the plaintiffs of the defendants were not in the nature of items of mutual account, but as the auditor finds and clearly appears, payments made towards the extinguishment of the debt, and applicable as payments ordinarily are or should by law be, towards interest or principal, according to the direction that the law gives to such payments, in the silence of the parties with respect to them.

We find no ground upon which we can exempt this contract to pay money with interest, from the general rule shown to govern promissory notes in the particulars in controversy. The principal sum was payable on demand, and the interest, of course, also. The plaintiffs had a right to insist upon the payment of interest as often as interest accrued, and could have encountered any attempt of the defendants to apply a payment towards the principal, by a demand of fresh payment on account of interest. The legal presumption, then, was, that the payment was made first in

Ross *v.* Russell.

reduction of the claim, which did not carry interest, that is, of the interest itself.

This rule, as we understand it, was held applicable to judgments in the case of *Hodgdon* v. *Hodgdon*, 2 N. H. Rep. 169, and must be taken and adjudged to be the general rule applicable to contracts, unless general provisions are made by the parties. The allowance made by the auditor, as in this particular, was, therefore correctly made, and the motion to recommit, for the cause stated must, in consequence, be denied.

*Judgment on the report.*